IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John S. Stritzinger, | ) | C/A No. 3:15-1938-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Travis County, Texas; Katherine Wright, *On Behalf of Minor Children LLS, JWS, HMS,* | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, John S. Stritzinger, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Plaintiff complains of actions taken by the "District Court of Travis County Texas" during litigation in 2009.[1] (ECF No. 11-1 at 1.) Plaintiff alleges that the court's judgment was "directly in opposition of the parties final decree of divorce (2005)" and resulted in Plaintiff's children being placed in a private school that did not provide special education services. (Id. at 1-2.) The court's decision was allegedly affirmed by the Texas Court of Appeals and the Texas Supreme Court denied review. (Id. at 2.) Plaintiff further complains that the "Travis District court" refused to provide Plaintiff a hearing in April of 2011, when his employment changed. (Id.) Plaintiff states that he has

---

[1] To preserve issues in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 11) as an attachment (ECF No. 11-1).



requested a "review of child support every year since 2011 but has been declined except in 2013." (Id. at 3.) Plaintiff claims that, as a result of the court's decisions, his children have had trouble in school and have been denied "IEP's under the IDEA." (Id.)

Plaintiff asserts that he asked the "Third Court of Appeals (TX)" to "review procedural errors in a Texas District Action." (ECF No. 11 at 1.) However, the Texas court allegedly "did not comment on the issues on Appeal . . . and did not rule on issues of Federal law." (Id.) Plaintiff further complains of a temporary injunction issued by the Texas court "on manufactured evidence" and the entry of orders "which conflict with State, and Federal Statute along with US Supreme Court mandates." (Id. at 3.) Plaintiff requests monetary damages and asks this court to "vacate injunctive relief" ordered by a Texas court.[2] (Id. at 5.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978),

---

[2] A federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also Lance v. Dennis, 546 U.S. 459, 460 (2006) (holding that a federal district court cannot exercise "jurisdiction over cases brought by 'state court losers' challenging 'state-court judgments rendered before the district court proceedings commenced' ") (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Thus, this court cannot review or overturn an order issued in a Texas court.

and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

Plaintiff alleges due process violations associated with judicial proceedings in a Texas court. (ECF No. 11 at 1; ECF No. 11-1 at 2, 4.) Thus, the Amended Complaint is evaluated pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983,



a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### 1. No State Action—Katherine Wright

As indicated above, a defendant must act "under color of state law" to be amenable to suit under § 1983. West, 487 U.S. at 48. While "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor," Filarsky v. Delia, 132 S. Ct. 1657, 1661 (2012), purely private conduct, no matter how wrongful, is not actionable under § 1983 and the United States Constitution. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001). In determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 341-43 (4th Cir. 2000). In this action, Katherine Wright appears to be Plaintiff's former spouse and the mother of Plaintiff's three minor children. (ECF No. 11 at 3.) However, Plaintiff provides no factual allegations to demonstrate that Defendant Wright is a state actor amenable to suit under § 1983. It appearing that this claim is the only one asserted against her, Defendant Wright is entitled to summary dismissal from this case.

### 2. Municipal Liability—Travis County, Texas

The United States Supreme Court has held that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts of city employees are taken in furtherance of some municipal 'policy or custom.' " Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)); see also Bd. of Cnty. Comm'rs v. Brown,



520 U.S. 397, 403 (1997); Walker v. Prince George's Cnty., 575 F.3d 426, 431 (4th Cir. 2009). Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury.  The instant Amended Complaint fails to show that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of Travis County, Texas. Therefore, this defendant is entitled to summary dismissal.

### 3.     Sovereign Immunity—Texas Courts

While not listed in the Amended Complaint's caption as defendants in this case, Plaintiff's allegations concern actions taken by Texas courts.  To the extent Plaintiff intended to sue a state court, the Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that claims against a state employee for actions taken in an official capacity are tantamount to a claim against the state itself).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions applies in the instant case.[3]  Therefore, any constitutional claims against Texas or a Texas court would be barred by the Eleventh Amendment.  See Sheppard

---

[3] Congress has not abrogated the states' sovereign immunity under § 1983.  See Quern v. Jordan, 440 U. S. 332, 343 (1979).  Further, Texas has not waived immunity for § 1983 claims.  See Jackson v. Texas S. Univ., 997 F. Supp. 2d 613, 624 (S.D. Tex. 2014).



v. Richland Cnty. Gen. Sessions, C/A No. 3:13-402-CMC-TER, 2013 WL 1686278, at *2 (D.S.C. Mar. 27, 2013) (collecting cases holding that state courts are entitled to Eleventh Amendment immunity), adopted by 2013 WL 1686410 (D.S.C. Apr. 18, 2013).

Further, under the principle of sovereign immunity, individuals may not sue the United States or its agencies without their consent. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (declining to extend Bivens to permit suit against a federal agency); Global Mail Ltd. v. United States Postal Serv., 142 F.3d 208, 210 (4th Cir. 1998) (holding that a federal governmental entity is entitled to sovereign immunity unless Congress waives that immunity and consents to suit). "[T]he United States has not waived sovereign immunity in suits claiming constitutional torts." Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999). Thus, Plaintiff's due process claims, if alleged against a federal court, are likewise subject to summary dismissal. See Garner v. U.S. Dist. Court of S.C., C/A No. 3:08-3913-TLW-JRM, 2009 WL 2192664, at *3 (D.S.C. July 21, 2009) (accepting report and recommendation holding that federal courts are protected by sovereign immunity).

**4.     Other Claims**

To the extent Plaintiff cites to other federal statutes, such as the Individuals with Disabilities Education Act ("IDEA"), he provides insufficient factual information to state a plausible claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

## III. Conclusion

Accordingly, the court recommends that the Amended Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).